UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
IEI INC., :
 :
                Plaintiff, :    Case No. 1:19-cv-05049 ALC
 :
    -against- :
 :
ETG CAPITAL LLC, :
 :
                Defendant. :
-------------------------------------------------------------- X

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

GREENBERG TRAURIG, LLP

The MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200

401 E. Las Olas Blvd.
Suite 2000
Fort Lauderdale, Florida 33301
Tel: (954) 765-0500

*Attorneys for Plaintiff IEI Inc.*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

REPLY TO STATEMENT OF MATERIAL FACTS NOT IN DISPUTE .................................... 2

ARGUMENT .................................................................................................................................... 2

    A.    SUMMARY JUDGMENT IS WARRANTED AS ETG FAILS TO IDENTIFY AN ISSUE OF MATERIAL FACT. .................................................. 2

        1.    ETG's Assignment Agreement Argument Fails ......................................... 2

            a.    IEI Complied with all of its Obligations Under the MCPA ............ 3
            b.    ETG Waived the Defense of Failure of a Condition Precedent ................................................................................................ 4
            c.    ETG Waived and Expressly Affirmed its MCPA Obligations in the Settlement Agreement ....................................... 4

        2.    IEI Properly Mitigated its Damages. ........................................................... 5

    B.    IEI IS ENTITLED TO ATTORNEYS' FEES. ......................................................... 7

    C.    ETG'S COUNTERCLAIMS ARE WITHOUT MERIT. ........................................ 8

        1.    ETG's Declaratory Judgment Claim is Addressed by Resolution of IEI's Claim. .......................................................................... 8
        2.    IEI did not Breach its Obligations, thus ETG's Indemnification Claim Fails ................................................................................ 9

CONCLUSION ................................................................................................................................. 9

i

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Duane Reade Inc. v. St. Paul Fire Marine Ins.*,
 411 F.3d 384 (2d Cir. 2005)..................................................................................................9

*Endovasc, Ltd. v. J.P. Turner Co., LLC*,
 169 Fed. Appx. 655 (2d Cir. 2006) ........................................................................................4

*First Investors Corp. v. Liberty Mut. Ins. Co.*,
 152 F.3d 162 (2d Cir. 1998)...................................................................................................7

*Rexnord Holdings, Inc. v. Bidermann*,
 21 F.3d 522 (2d Cir.1994)......................................................................................................7

*United Resource Recovery Corp. v. Ramko Venture Mgt.*,
 584 F. Supp. 2d 645 (S.D.N.Y. 2008) ....................................................................................4

*Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*,
 690 F. Supp. 2d 311 (S.D.N.Y. 2010)....................................................................................9

**State Cases**

*1199 Hous. Corp. v. Int'l Fid. Ins. Co.*,
 788 N.Y.S.2d 88 (2005).........................................................................................................4

**Rules**

Fed. R. Civ. P. 9(c) ........................................................................................................................4

Local Civil Rule 56.1 .....................................................................................................................2

Local Civil Rule 56.1(a) ................................................................................................................2

**Canadian Cases**

Order, Ontario Superior Court, Court File No. CV-17-11846-00CL ....................................5, 6, 7

*Re Boutiques San Francisco Inc.*,
 2004 CanLII 16649 (Que. SC)...............................................................................................6

*Syndicat national de l'amiante d'Asbestos Inc. v. Mine Jeffrey Inc.*,
 [2003] R.J.Q. 420, par. 30. (C.A.) .........................................................................................6

**Canadian Statutes**

Bankruptcy and Insolvency Act of Canada Section 81.1 ..........................................................1, 5

Companies' Creditors and Arrangement Act................................................................................2

Plaintiff IEI, Inc. ("IEI" or "Plaintiff"), respectfully submits this Reply in response to Defendant ETG Capital LLC's ("ETG" or "Defendant") Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment [Dkt. 40] ("ETG's Response"). For the reasons set forth below, IEI respectfully requests the Court grant Plaintiff's Motion for Summary Judgment [Dkt. 34] (the "Motion") and enter judgment in favor of IEI on its claim for breach of contract and against ETG on its counterclaims.[1]

## INTRODUCTION

ETG's Response fails to address the facts and law raised in the Motion. Nothing in ETG's Response alters IEI's entitlement to summary judgment as ETG fails to identify a dispute as to a material fact. Rather, ETG argues IEI failed to satisfy a condition precedent by delivering to ETG an Assignment Agreement within 35 days pursuant to Section 5 of the Master Claims Purchase Agreement ("MCPA"). ETG's argument fails because: (i) IEI submitted to ETG the "Form of Assignment of Claim Agreement" labeled as "Exhibit B" to the MCPA on July 19, 2017, and was then told by ETG to "hold off on closing of the Assignment of Claim"; (ii) ETG failed to timely plead or raise such condition precedent and thus waived such defense; and (iii) ETG waived such defense by affirming its obligations under the MCPA in the parties' Settlement Agreement, over six (6) months after the purported deadline for submitting the Assignment Agreement.

ETG also argues IEI failed to mitigate its damages under section 81.1 of the Bankruptcy and Insolvency Act of Canada ("BIA") by not repossessing unpaid goods previously delivered to Sears Canada, Inc. ("Sears"). ETG's argument fails because Sears did not file for bankruptcy

---

[1] ETG claims IEI did not request a pre-motion conference pursuant to this Court's Individual Practices, Rule 2. Response at Fn. 1. IEI filed the Motion without a conference with the Court premised upon the Court's June 12, 2020 Order requiring Motions for Summary Judgment to be filed and served by October 19, 2020 [Dkt. 35]. To the extent IEI's understanding was incorrect, IEI apologizes to the Court as it did not intend to ignore the Court's rules.

1

under the BIA.  Instead, Sears insolvency proceeding was filed under the Companies' Creditors and Arrangement Act ("CCAA"), which does not permit suppliers to recover goods previously delivered to a debtor.  Thus, summary judgment should be granted in favor of IEI and against ETG on all claims.

## REPLY TO STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

IEI respectfully refers the Court to IEI's Reply to ETG's Response to Plaintiff's Local Civil Rule 56.1 Statement of Material Undisputed Facts, dated November 11, 2020, for a statement of the relevant, undisputed, material facts upon which the Motion is based and IEI's Responses to facts alleged by ETG in its Response to Plaintiff's Local Civil Rule 56.1(a) Statement of Material Undisputed Facts ("ETG's Statement of Facts").

## ARGUMENT

### A. SUMMARY JUDGMENT IS WARRANTED AS ETG FAILS TO IDENTIFY AN ISSUE OF MATERIAL FACT.

1. **ETG's Assignment Agreement Argument Fails**

More than three years after Sears' insolvency filing, ETG, for the first time, alleges IEI failed to timely deliver an Assignment of Claim Agreement (the "Assignment Agreement"), thereby terminating ETG's obligations under the MCPA.  Specifically, ETG argues IEI timely provided an Assignment Notice but "was thereafter contractually obligated to deliver to ETG the Assignment Agreement within thirty-five days …."  (ETG's Response, p. 3).  ETG argues, "Section 5(b) of the MCPA states that '[i]n the event that IEI does not satisfy the conditions set forth in Section 8 prior to the expiration of the thirty-five (35) day period… i.e., timely delivery of the Assignment Agreement, the Put shall be automatically cancelled, discharged and terminated…' ETG's argument fails due to its own conduct waiving any such obligation.

2

   *a.*     **IEI Complied with all of its Obligations Under the MCPA.**

On July 19, 2017, IEI sent a demand notice (the "Demand") to ETG, noting that on June 22, 2017, Sears filed for insolvency protection under the CCAA. Compl., Ex 5. Attached to the Demand was a completed "Form Assignment of Claim Agreement", which form is attached as Exhibit B to the MCPA. *Id.;* Compl., Ex 1. Thus, IEI complied with its obligations. Even if IEI had not complied, which it did, days later, Mr. Steven Azarbad of ETG informed IEI's counsel via email that ETG would not pay IEI until the Final Acceptance of Claim in the insolvency, meaning when all appeals had been exhausted and the claim became final. July 27, 2017 Email Thread.[2] In further communications, Mr. Azarbad unequivocally notified IEI through its counsel that the parties "***should hold off on discussion of the closing of the assignment agreement until there is Final Acceptance of the Claim by the debtor***." August 21, 2017 Email Thread (emph. added).[3] While the Assignment Agreement would convey ownership of IEI's insolvency claim to ETG, according to Mr. Azarbad "[i]t's very difficult for suppliers to file claims and advocate for a resolution of the claim in the proceeding if they don't technically own the claim. ***Hence, it's better to postpone discussion on the closing until the claim is resolved***." *Id.* (emph. added). Accordingly, even if IEI's providing Exhibit B to the MCPA to ETG did not satisfy Section 8, which it did, Mr. Azarbad expressly and unequivocally waived any such condition by notifying IEI that until the Final Acceptance of the claim, it was appropriate to postpone any such closing on the Assignment Agreement. Thus, ETG's argument fails.

---

[2] "July 27, 2017 Email Thread" means email between IEI's counsel and Azarbad, which is attached as Exhibit 1 to the Declaration of Jon L. Swergold, Esq., dated November 11, 2020.
[3] "August 21, 2017 Email Thread" means emails between IEI's counsel and Azarbad, which is attached as Exhibit 5 to the Declaration of Jon L. Swergold, dated November 11, 2020.

3

b.  **ETG Waived the Defense of Failure of a Condition Precedent**

Fed. R. Civ. P. 9(c) provides: "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. *But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.*" Separately, "under New York law, the failure of a plaintiff to comply with conditions precedent is an affirmative defense." *United Resource Recovery Corp. v. Ramko Venture Mgt.*, 584 F. Supp. 2d 645, 657 (S.D.N.Y. 2008) (quoting *Endovasc, Ltd. v. J.P. Turner Co., LLC*, 169 Fed. Appx. 655, 657 (2d Cir. 2006)); *1199 Hous. Corp. v. Int'l Fid. Ins. Co.*, 788 N.Y.S.2d 88, 89 (2005) ("[T]he burden to plead 'specifically and with particularity' that any condition precedent has not been fulfilled rests on the party resisting enforcement of the contract."). Here, ETG failed to plead IEI did not comply with a condition precedent by not delivering to ETG the Assignment Agreement in its Answer, in its counterclaim for declaratory relief, or at any other time in this litigation. Thus, it is barred from now raising this defense to the Motion.

c.  **ETG Waived and Expressly Affirmed its MCPA Obligations in the Settlement Agreement**

Finally, in February 2018, approximately six (6) months after the purported deadline for submitting the Assignment Agreement, ETG waived any such obligation and expressly affirmed its obligations under the MCPA in the Settlement Agreement with IEI. ETG asserts the July 19, 2017 Assignment Notice triggered the 35-day period for IEI to deliver the Assignment Agreement. ETG's Response, p. 3. The 35-day period would have expired on August 23, 2017 and "ETG's obligations under the contract were canceled, discharged and terminated." *Id.* Yet, nearly six months later on February 8, 2018, IEI and ETG entered into a Settlement Agreement. Compl., Exh. 6. Therein, ETG agreed that it is "fully bound by all of the terms of the MCA and the Put Letter . . . ***including the Assignment of Claim attached as Exhibit B to the MC[P]A***." *Id.* at ¶

4

2(a) (emphasis added). As such, ETG's current position, more than two (2) years later, is inconsistent with its express agreement. Because ETG agreed it is bound by the MCPA in February 2018, it waived any argument that its obligations expired on August 23, 2017.[4]

## 2. **IEI Properly Mitigated its Damages.**

ETG argues Section 7(b) of the MCPA required IEI to pursue all rights and remedies available to it under section 81.1 of the BIA. Specifically, ETG contends IEI had the right to repossess goods it delivered, but for which it had not been paid by Sears. ETG's Response, pp. 3, 9-10. ETG's argument is without merit as no such rights and remedies were available to IEI under Section 81.1 because the BIA does not apply to CCAA proceedings.

For ease of reference throughout this litigation, the Parties have generically referred to Sears's 'bankruptcy' filing when such filing should more accurately be referred to as an insolvency proceeding under the CCAA, which under Canadian law is a separate act governing *reorganization*, not liquidation, proceedings. June 22, 2017 Order, Ontario Superior Court, Court File No. CV-17-11846-00CL (the "Sears CCAA Order").[5] The trigger for IEI's rights under the MCPA is the occurrence of the Specified Event, meaning an "Insolvency Filing", which the MCPA defines as including, among other things, the "application for an initial order to the Court ***pursuant to the CCAA*** whereby such an order is granted." Compl., Exh. 1, p. 2, 3; Compl., Exh. 2 (emph. added). Notably, the Demand and the Notice of Revision or Disallowance attached to the Complaint as Exhibits 5 and 7, respectively, correctly note Sears filing under the CCAA in the Ontario Superior Court of Justice. Compl., Exh. 5, 7. Because Sears did not file for liquidation

---

[4] Notably, on July 15, 2020, Azarbad testified ETG is holding 100% of IEI's claim in reserve. (July 15, 2020 Deposition of Steven Azarbad, 58:11-59:24). ETG's present position is inconsistent with its holding funds in reserve for IEI years after its obligation purportedly terminated.

[5] The CCAA Order is attached as Exhibit 2 to the Declaration of Jon L. Swergold, Esq., dated November 11, 2020.

5

under the BIA, IEI was stayed from and could not pursue repossessing any unpaid goods pursuant to Chapter 81 of the BIA.  Compl., Exh. 5.

In *Re Boutiques San Francisco Inc.*, 2004 CanLII 16649 (Que. SC)[6] the Canadian Court addressed the right of unpaid suppliers, such as IEI, to repossess their goods still in the hands of a debtor company that availed itself of the protection of the CCAA.  Unlike BIA cases, "the objective of the *CCAA* is not to end the operation of a business and distribute its assets to its creditors, but rather to reach an arrangement between the debtor company and its creditors to allow for its survival." *Id.* at 4-5, ¶ 18 (citing *Syndicat national de l'amiante d'Asbestos Inc. v. Mine Jeffrey Inc.*, [2003] R.J.Q. 420, par. 30. (C.A.)).  To allow a debtor to restructure itself and continue its operations, a "stay of proceedings is a basic component of the maintenance of the status quo" and "obviously includes the possibility of creditors seeking to repossess their goods in the hands of the debtor company who, to the contrary, should be allowed to continue operating as a going concern while protected under the *CCAA*." *Id.* at 5-6, ¶ 21.  Further, the court stated, "[T]he cases in Quebec have refused the claims of unpaid suppliers to repossess their goods in the context of a stay of proceedings pursuant to a reorganization or restructuring process, be it under the *CCAA* or the *BIA*." *Id.* at 8, ¶ 40.

Consistent with Canadian law, the Sears CCAA Order provides that Sears "shall remain in possession and control of their respective current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the 'Property')." Sears CCAA Order, ¶ 4.  This includes "all inventory." (*Id.*)  To further clarify, the Sears CCAA Order provides that creditors may not initiate any proceeding or enforcement process

---

[6] *Re Boutiques San Francisco Inc.*, 2004 CanLII 16649 (Que. SC) is attached as Exhibit 3 to the Declaration of Jon L. Swergold, Esq., dated November 11, 2020.

or otherwise exercise rights or remedies against Sears that affect the Business or Property, defined to include inventory. *Id.* at ¶¶ 14, 17. Accordingly, ETG's argument that IEI should have repossessed its goods under 81.1 of the BIA is without merit.

Moreover, Mr. Azarbad testified at ETG's Corporate Representative's deposition that the duty to mitigate related to goods **in transit**. July 15, 2020 Deposition of Steven Azarbad, 233:17-234:7. In so testifying, Mr. Azarbad never stated or suggested IEI had a duty to repossess delivered goods for which Sears had not paid. Given the limitations upon supplier/creditors under the CCAA, IEI fully complied with its mitigation obligations by immediately stopping shipments in transit and having them returned to IEI on the day of Sears's CCAA filing.

The undisputed facts show that the parties entered into the MCPA, the Confirmation and the Settlement Agreement —all constituting a valid contract; IEI properly performed by paying the Put Fee and complying with all of its obligations; ETG breached its obligations because it failed to pay the $457,447.06 (CAD) owed to IEI, and as a result, IEI has been damaged by not receiving its benefit of the bargain—payment from ETG. *See First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir.1994)) (providing that to prevail on a breach of contract claim under New York law, a plaintiff must prove "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."). Upon these undisputed facts, ETG has breached the Parties' contract, and IEI is entitled to Summary Judgment.

## B. IEI IS ENTITLED TO ATTORNEYS' FEES.

ETG argues IEI is not entitled to attorneys' fees pursuant to the Settlement Agreement [Compl., Exh. 6] because it is limited to "any Action to enforce this Agreement." ETG Response, p. 11. At the same time, ETG argues it "is inviting [sic] the [Settlement Agreement] so that the

7

Court enforces the terms of the MCPA and Put, dismissing IEI's claims." (*Id.*) ETG's argument is nonsensical.

In Paragraph 2(a) of the Settlement Agreement, ETG agreed to be fully bound by all the terms of the MCPA and Put Letter. Compl., Exh. 6, ¶ 2(a). Paragraph 14 states: "[i]n any Action to enforce this Agreement, the prevailing party shall be entitled to its attorney's fees and costs, including pre-suit fees and costs." Compl., Exh. 6, ¶ 14. The basis for this lawsuit is ETG's failure to comply with its obligation to pay IEI pursuant to the MCPA, the Confirmation and Settlement Agreement. Compl. ¶ 58. Because ETG has not complied with its obligations after agreeing to do so in the Settlement Agreement, IEI has brought this action to enforce the Settlement Agreement and ETG's obligation to pay IEI. Indeed, ETG has taken the position that "ETG's obligations under the contract [(MCPA)] were canceled, discharged and terminated when IEI failed to comply with its known contractual obligations." ETG's Response, p. 3. ETG's position is contrary to what it agreed to in the Settlement Agreement, causing IEI to bring this action and entitling IEI to attorneys' fees pursuant to Section 14 of the Settlement Agreement.

## C.  ETG'S COUNTERCLAIMS ARE WITHOUT MERIT.

### 1. ETG's Declaratory Judgment Claim is Addressed by Resolution of IEI's Claim.

ETG argues that it is not duplicative for this Court to address IEI's breach of contract claim and ETG's counterclaim for declaratory relief because the resolution of IEI's claim "will not provide ETG with the affirmative relief of a finding that ETG not only did not breach the agreement, but also was correct in its argument that it had no obligation to purchase IEI's bankruptcy claim." ETG's Response, p. 11-12. ETG makes a distinction with no real difference. In ruling on IEI's breach of contract claim, the Court will be required to find that ETG either did or did not breach the parties agreement based on whether ETG was required to purchase IEI's claim in Sears' CCAA proceeding. Accordingly, if this Court finds in favor of IEI on its breach

8

of contract claim, it would expressly find ETG had an obligation to purchase IEI's claim, did not do so, and therefore breached its obligations.  A declaratory judgment is unnecessary where it will not settle any additional legal issues or otherwise finalize the controversy.  *See Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 327 (S.D.N.Y. 2010) (quoting *Duane Reade Inc. v. St. Paul Fire Marine Ins.*, 411 F.3d 384, 389 (2d Cir. 2005)) (in determining whether to entertain a declaratory judgment action, district courts should ask: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.").  This Court should enter summary judgment in favor of IEI on ETG's Counterclaim for declaratory relief.

    **2.** **IEI did not Breach its Obligations, thus ETG's Indemnification Claim Fails**

ETG's second counterclaim seeks indemnification from IEI for any damages incurred by ETG as a result of IEI's breach of the MCPA.  ETG relies upon Section 11 of the MCPA, which provides ETG a right to payment from IEI only in the event that IEI caused ETG damage.  Compl. ¶ 28.  Because IEI properly performed all of its obligations, ETG is not entitled to indemnification under Section 11 of the MCPA.  Accordingly, this Court should enter summary judgment in favor of IEI on ETG's second Counterclaim for indemnification.

## CONCLUSION

For these reasons, Plaintiff IEI, Inc. respectfully requests that this Court enter an Order granting final summary judgment to IEI on the Complaint and both Counterclaims, and for such further relief as this Court deems just and proper.

Dated: November 11, 2020
    New York, New York                              GREENBERG TRAURIG, LLP

                                                            By:    /s/ Jon L. Swergold
                                                                Caroline J. Heller

        200 Park Avenue
        The MetLife Building
        New York, New York 10166
        (212) 801-9200

        Jon L. Swergold
        401 E. Las Olas Blvd.
        Suite 2000
        Fort Lauderdale, Florida 33301
        (954) 765-0500

        *Attorneys for Plaintiff IEI Inc.*