USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IEI INC.,                                                   :
                                                            :
                          Plaintiff,                        :
                                                            :
            -v-                                             :        **OPINION & ORDER**
                                                            :        19-CV-5049 (ALC) (JLC)
ETG CAPITAL LLC,                                            :
                                                            :
                          Defendant.                        :
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

IEI Inc. ("IEI") brought this action against ETG Capital LLC ("ETG") alleging

breach of contract.  After Judge Carter denied IEI's motion for summary judgment

and permitted the parties to engage in further discovery, IEI moved to amend its

complaint to include a claim it calls "Breach of Settlement Agreement."  Because

the proposed amendment is neither unduly prejudicial nor futile, the motion is

granted.[1]

---

[1] "While the proper classification as dispositive or non-dispositive of a motion for
leave to file an amended complaint is not settled within the Second Circuit, the
weight of authority within this Circuit classifies a motion to amend a pleading as
non-dispositive." *Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL 6052198, at
*6 (S.D.N.Y. Dec. 21, 2021), *reconsideration denied*, No. 18-CV-993 (RA), 2022 WL
280986 (Jan. 31, 2022) (internal quotations and citations omitted); *see also Fielding
v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (identifying "a motion to amend the
complaint" as an example of a "nondispositive motion[ ]"); *Shukla v. Deloitte
Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), 2020 WL 8512852, at *6 n.9
(S.D.N.Y. Nov. 17, 2020), *adopted by*, 2021 WL 1131507 (S.D.N.Y. Mar. 24, 2021)
(collecting cases); *MPI Tech A/S v. Int'l Bus. Machines Corp.*, No. 15-CV-4891
(LGS) (DCF), 2017 WL 481444, at *3 (S.D.N.Y. Feb. 6, 2017) (collecting cases).
Thus, consistent with Judge Carter's order of referral (Dkt. No. 14) for "non-
dispositive pretrial motions," there is ample authority for me to decide this motion,
rather than to issue a report and recommendation.  *Kraiem v. JonesTrading*

## I.  BACKGROUND

On May 30, 2019, IEI filed a one-count Complaint against ETG, in which it alleged breach of contract.  Complaint ("Compl."), Dkt. No. 1, at ¶¶ 9–10.  The parties engaged in discovery until August 31, 2020, and on October 19, 2020, IEI moved for summary judgment.  Motion for Summary Judgment, Dkt. No. 34.  In its opposition to the motion, ETG raised the defense that IEI had failed to satisfy a condition precedent to the parties' 2018 Settlement Agreement.  *See* Dkt. No. 40.  On January 27, 2021, Judge Carter denied without prejudice the motion for summary judgment and concluded that IEI was entitled to discovery on the condition precedent defense.  Dkt. No. 56.

Pursuant to this Court's order, additional discovery regarding the defense ended on March 23, 2021, and an unsuccessful settlement conference was held on May 5, 2021.  *See* Dkt. No. 60.  On September 15, 2021, upon prompting from the undersigned, IEI advised the Court that it intended to submit a pre-conference letter in advance of filing a motion to amend its complaint.  Dkt. No. 63.  IEI subsequently moved to amend its complaint on October 13, 2021 to add the claim of Breach of Settlement Agreement.  Motion to Amend the Complaint, Dkt. No. 69; Declaration of Jon L. Swergold dated October 13, 2021 ("Swergold Decl."), Dkt. No.

---

*Institutional Servs. LLC*, No. 19-CV-05160 (ALC) (SDA), 2021 WL 5294066, at *4 n.5 (S.D.N.Y. Nov. 12, 2021).

70; Memorandum of Law in Support of the Motion to Amend ("Pl. Mem."), Dkt. No.

71.  On October 20, 2021, ETG filed its opposition.  Memorandum of Law in

Opposition to the Motion to Amend ("Def. Opp."), Dkt. No. 72; Declaration of Leo L.

Esses, Esq., dated October 20, 2021 ("Esses Decl."), Dkt. No. 73.  IEI filed a reply on

October 25, 2021.  Reply Memorandum of Law in Support of the Motion to Amend

("Rep. Mem."), Dkt. No. 74.  Familiarity with the underlying facts of the case,

including the relevant background for the proposed amended complaint, is assumed

and will not be summarized here.  *See generally* Pl. Mem. at 2.

## II. DISCUSSION

A motion to amend is governed by Federal Rule of Civil Procedure 15, which

provides that leave to amend a pleading should be freely granted "when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  "Under this liberal standard, a motion to amend

should be denied only if the moving party has unduly delayed or acted in bad faith,

the opposing party will be unfairly prejudiced if leave is granted, or the proposed

amendment is futile."  *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 452

(S.D.N.Y. 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### A. Undue Delay

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not

provide a basis for a district court to deny the right to amend."  *Contrera v. Langer*,

314 F. Supp. 3d 562, 566–67 (S.D.N.Y. 2018) (quoting *State Teachers Ret. Bd. v.*

*Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  "Where a significant period of time

has passed prior to filing a motion to amend, however, the moving party must provide an explanation for the delay." *Agerbrink*, 155 F. Supp. 3d at 452.

Here, IEI seeks leave to amend more than two years after it filed its complaint. To justify this delay, it notes that its proposed addition of the "Breach of Settlement Agreement" claim in October 2021 was a response to ETG's choice to "raise an entirely new argument for the first time – the Condition Precedent Argument[,]" in its opposition to the motion for summary judgment 18 months after the commencement of the case. Pl. Mem. at 10. It argues that the motion is thus timely as it "could not assert its claim regarding ETG's breach of the Settlement Agreement any sooner" because it was not at issue prior to ETG raising the Condition Precedent Argument. *Id.* at 9. Next, IEI explains the nearly nine-month delay between Judge Carter's January 2021 decision and its motion for leave to amend in three ways: 1) it alleges that during an undefined portion of this time, IEI sought ETG's consent to amend the complaint and otherwise respond to new developments in the case; 2) it asserts that IEI's counsel was precluded from bringing the proposed amendment before the Court "as expeditiously as [it] would have liked" due to other matters in which counsel is engaged; and 3) it explains that IEI's counsel had a family medical issue during that time period requiring his attention. *Id.* at 10–11.

In its opposition, ETG contends that the delay is solely the fault of IEI for "wait[ing] more than two years to include this allegation in the lawsuit." Def. Mem.

at 8.² It notes that IEI did not act during the entirety of the summer of 2021, "despite being an international law firm with 300+ attorney[s]." *Id.* at 8 n. 9. ETG further argues that IEI's motion is an attempt to add attorneys' fees into this action, and that it "will be prejudiced by the inclusion of additional damages for which ETG never was – nor could have contemplated it would be – liable for." *Id.* at 8.

The Court agrees that IEI likely could have taken action prior to October 2021. However, ETG has not met its burden to establish that it would be unduly prejudiced by the proposed amendment, or that IEI has demonstrated bad faith, for three reasons. *See Contrera*, 314 F. Supp. 3d at 567 ("the party opposing the amendment bears the burden of showing prejudice, bad faith, and futility") (internal quotations omitted); *Ithaca Capital Investments I S.A. v. Trump Panama Hotel Management LLC*, 450 F. Supp. 3d 358, 369 (S.D.N.Y. 2020) ("a court should allow leave to amend a pleading unless the non-moving party can establish prejudice or bad faith."). First, while the Court could choose to construe ETG's argument that IEI is "trying to up the ante" by including attorneys' fees for breach of the Settlement Agreement in the action as an argument for bad faith, ETG does not explicitly make this point, nor does it cite any law for the proposition that the request for leave here is indicative of bad faith. Def. Mem. at 8. To establish bad faith, "the opponent must show something more than more than mere delay or

---

² In its Memorandum of Law, ETG includes page numbers in its Table of Contents. However, the pages are not numbered. The page numbers referred to in this decision were added by the Court using ETG's Table of Contents as a guide. The page numbers are not the ones automatically created by the ECF system.

inadvertence, such as seeking to derive some unique tactical advantage through their amendment." *Ithaca Capital Investments I S.A.*, 450 F. Supp. 3d. at 376 (cleaned up).  As in *Ithaca*, "there is simply no tactical advantage to be gained" by IEI because it has no greater chance of success, no inconsistent positions were taken, and ETG has not provided any basis for belief that its potential liability for additional attorneys' fees at this juncture, as opposed to at the outset of the case, is "unfair."  *Id.*

Second, while ETG contends that the delay of more than two years is IEI's fault, prior awareness of the facts underpinning a motion to amend is not sufficient to demonstrate undue delay.  *See Ocampo v. 455 Hospitality LLC,* No. 14-CV-9614 (KMK) (PED), 2019 WL 11556745, at *2 (S.D.N.Y. Sept. 19, 2019) (citing *Pearlstein v. Blackberry Ltd.,* No. 13-CV-7060 (TPG), 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) ("Alleging that the plaintiff *could have* moved to amend earlier because he had knowledge of facts underlying the proposed amendment is insufficient to demonstrate undue delay.")).  Third, because discovery on the issue in question has already taken place, ETG will not need to expend "significant additional resources to conduct discovery and prepare for trial[,]" nor will the additional claim significantly delay the resolution of the dispute.  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000).

In sum, IEI has adequately "provide[d] an explanation for the delay," *Agerbrink*, 155 F. Supp. 3d at 452, which is not "sufficiently prejudicial to warrant

denying [IEI]'s request for leave to amend" on that ground.  *Contrera*, 314 F. Supp. 3d at 576.

## B. Futility

### 1. Legal Standard

"It is well established that 'leave to amend need not be granted . . . where the proposed amendment would be futil[e].'"  *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)).  "To determine whether a proposed amendment is futile, courts analyze whether it would withstand a motion to dismiss."  *Agerbrink*, 155 F. Supp. 3d at 456 (citing *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.")).  Therefore, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Stadt v. Fox New Network LLC*, 719 F. Supp. 2d 312, 317 (S.D.N.Y. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor."  *Agerbrink*, 155 F. Supp. 3d at 456.

Here, IEI's proposed amended complaint seeks to add a claim for "Breach of Settlement Agreement." *See* Swergold Decl. Ex. 1, Dkt. No. 70-1, Proposed Amended Complaint ("PAC"), at ¶¶ 74–83.  Under New York law, which governs the Settlement Agreement, Swergold Decl., Exh. 6 ("Settlement Agreement") ¶ II(17), "a settlement agreement is a contract, and any alleged breach of a settlement agreement must be analyzed according to the ordinary principles of contract law." *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 705 (S.D.N.Y. 2016) (collecting cases).

In New York, "a plaintiff claiming a breach of contract must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Lowry, et al. v. Oppenheimerfunds, Inc., et al.*, No. 20-CV-2288 (VSB), 2022 WL 976823, at *4 (S.D.N.Y. Mar. 31, 2022) (internal citations omitted).  "The claimant must allege the specific provisions of the contract upon which the breach of contract claim is based[, and a] claim for breach of contract cannot be sustained simply by a conclusory statement that the accused breached a contract." *Stadt*, 719 F. Supp. 2d at 318; *see also Caro Capital, LLC v. Koch*, 20-CV-6153 (LJL), 2021 WL 1595843, at *6 (S.D.N.Y. Apr. 23, 2021) (cleaned up), *recons. on other grounds*, 2021 WL 2075481 (May 24, 2021) ("a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated") (cleaned up).  "A sufficient pleading for breach of contract must[,] at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain

and simple fashion." *Caro Capital, LLC,* 2021 WL 1595843, at *6 (internal quotations omitted).

### 2. Analysis

IEI has pled each of the four required elements.  First, IEI alleges a contract between the parties – the Settlement Agreement which "reaffirmed [the parties] rights, liabilities, and obligations" under the Assignment Agreement.  PAC ¶ 49. ETG does not dispute the existence of a contract between the parties in the form of the Settlement Agreement.  Second, IEI contends that it performed, or attempted to perform, its obligations under the contract when it attempted to finalize the Assignment Agreement.  *Id.* ¶¶ 55–56.  Third, IEI argues that ETG breached the terms of the Settlement Agreement by: (1) "asserting that the [Assignment] Agreement is not enforceable" due to IEI's purported failures; (2) "refusing to accept assignment of IEI's claim in the Sears Insolvency"; and (3) "failing to make the required payment to IEI."  *Id.*  ¶ 81.  Fourth, IEI asserts damages in the amount of $457,447.06 (CAD).  *Id.*  ¶ 83.  These allegations "give the Court and the defendants notice of the transactions and occurrences intended to be proved as well as the material elements of each cause of action."  *Digilytic Int'l FZE v. Alchemy Finance, Inc.*, No. 20-CV-4650 (ER), 2022 WL 912965, at *7 (S.D.N.Y. Mar. 29, 2022) (cleaned up).

Moreover, ambiguity exists with respect to whether or not the terms of the Settlement Agreement provided that IEI had complied with its prior obligations precedent to the agreement, the very issue that gave rise to the Condition Precedent

Argument.  When the terms of a contract are ambiguous, it is not appropriate for courts to dismiss a breach of contract claim.  *See Lowry, et al.*, 2022 WL 976823, at *4 (court may dismiss breach of contract claim "only where the terms of the contract are unambiguous[;] . . . where the contract language has a definite and precise meaning.") (internal quotations omitted).  Here, the parties appear to disagree on the meaning of the following Settlement Agreement provisions:

- Notwithstanding anything to the contrary herein; it is the sole intention of this Agreement to confirm the full force and effect of the MCA, Put Letter and Assignment Notice, annexed hereto as Exhibits A, B and C, and nothing in this Agreement is intended to, nor shall it, change or in any way alter such documents and the terms therein.  Settlement Agreement ¶ II(11).[3]

- ETG hereby agrees that it is fully bound by all of the terms of the MCA and the Put Letter . . . including the Assignment of Claim . . . .  Settlement Agreement ¶ II(2)(a).

- IEI hereby agrees that it is fully bound by all of the terms of the MCA and Put Letter . . . .  Settlement Agreement ¶ II(2)(b).

ETG argues that the terms of the MCA required that IEI effectuate an Assignment of Claim Agreement to ETG by a date certain, which was prior to the signing of the Settlement Agreement, in order for it to be liable for the funds allegedly owed.  ETG specifically notes that "[n]owhere does [it] acknowledge . . . that the [requisite] documents have been provided by IEI to ETG," and that even as

---

[3] "MCA" is the Master Claims Purchase Agreement.  *Id.* at I.  The same Agreement is also referred to as the "MCPA".  Pl. Mem. at 2.

part of the Settlement Agreement, "it was never intended by ETG that the Assignment of Claim Agreement be deemed to have been provided by IEI to ETG." Def Mem. at 5. IEI, on the other hand, alleges that "[a]ny issues surrounding the delivery of the Assignment Agreement . . . were resolved by the express language of the Settlement Agreement executed (6) six months after the purported deadline for delivery of the Assignment Agreement," because ETG agreed to be bound by the terms of the MCA, "including the Assignment of Claim." PAC ¶ 62–64 (citing Settlement Agreement Section 2(a)).

Ultimately, this disagreement pertains to the meaning of the terms in the contract itself, which is an issue for adjudication on the merits. Despite correctly stating the legal standard under which the Court will decide the motion to amend, Def. Mem. at 3, ETG's arguments are, on the whole, better suited for a determination on the merits, not the cognizability of the claim. Therefore, at this stage, because there is ambiguity in the aforementioned contract provisions, the Court cannot conclude that the language of the Settlement Agreement "unambiguously bars the proposed breach of contract claim." *EMR (USA Holdings) Inc. v. Goldberg,* 18-CV-7849 (ER), 2020 WL 4038358, at *5 (S.D.N.Y. Jul. 17, 2020) (citing *DK LIPA LLC v. SB Energy Holdings, LLC*, No. 19-CV-1405 (LGS), 2020 WL 3000383, at *4 (S.D.N.Y. June 4, 2020) ("Defendants have not shown that the Agreement is unambiguous in a way that supports only their interpretation, as they must to prevail on a motion to dismiss.").

11

In sum, because IEI's new claim would survive a motion to dismiss, it is not futile. *See Digilytic Int'l FZE,* 2022 WL 912965 at \*7 (motion to dismiss denied when all four elements of claim were alleged even without "specifically quoting the particular contract provisions at issue"); *see also Scientech, Inc. v. Metro-North R.R.*, Nos. 01-CV-8210 (LAK), 02-CV-8 (LAK), 02-CV-1190 (LAK), 02-CV-2196 (LAK), 2002 WL 1813854, at \*2 (S.D.N.Y. Aug. 7, 2002) ("Whatever might be the case at the summary judgment stage . . . [i]t suffices for present purposes to say that the contract claim in the proposed amended counterclaim, if proved, would entitle Scientech to some relief. Its assertion therefore would not be futile."). Leave to amend should therefore not be denied on the ground of futility.

### III. CONCLUSION

For the foregoing reasons, IEI's motion to amend its complaint is granted. IEI is directed to file its amended complaint within seven days of this order. The Clerk is directed to close Docket No. 69 and mark it as "granted."

The parties are directed to submit a proposed schedule for their renewed summary judgment motion practice to Judge Carter by May 6, 2022.

**SO ORDERED.**

Dated: April 22, 2022
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge