**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

IEI INC.,                                         :
                                                  :
                   Plaintiff,                     :
                                                  :
         -against-                                :
                                                  :                    **19-cv-5049 (ALC)(JLC)**
ETG CAPITAL, LLC,                                 :
                                                  :                    <u>**ORDER ADOPTING REPORT**</u>
                                                  :                    <u>**AND RECOMMENDATION**</u>
                   Defendant.                     :
                                                  :
                                                  :
                                                  :
                                                  :
                                                  :
-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Magistrate Judge Cott issued a Report and Recommendation ("R&R") on April 22, 2022,

granting IEI's Motion for Leave to file an amended complaint, adding a claim for breach of the

parties' 2018 Settlement Agreement ("Settlement Agreement"). ECF 76. ETG filed timely

objections. For the reasons stated below, the objections are without merit, and the Court adopts

Magistrate Judge Cott's sagacious R&R in its entirety.


**LEGAL STANDARD**


If a party objects to a magistrate judge's order concerning a non-dispositive, pretrial

matter, a district court will only modify any part of the magistrate judge's order if it finds that it

"is clearly erroneous or is contrary to law." *Ambac Fin. Servs., LLC v. Bay Area Toll Auth.*, 2010

U.S. Dist. LEXIS 127736, at *5-6 (S.D.N.Y. Nov. 30, 2010) (citing Fed. R. Civ. P. 72(a)).

"Under this highly deferential standard of review, magistrates are afforded broad discretion in

resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused."

*Id.* (quoting *Margrabe v. Sexter Warmflash, P.C.*, No. 07-cv-2798 (KMK) (GAY), 2009 WL

361830, at *3 (S.D.N.Y. Feb. 11, 2009)). The district court must be "left with the definite and

firm conviction that a mistake has been committed" before overturning the magistrate judge's

resolution of the non-dispositive matter. *Beckles v. City of New York*, No. 08 Civ. 3687 (RJH)

(JCF), 2010 WL1841714, at *2 (S.D.N.Y. May 10, 2010).

### ANALYSIS

Defendants primarily seek to modify the order in three ways.

First, ETG argues Judge Cott improperly found that it was not unfair to allow Plaintiff to amend

since IEI will be able to seek additional attorneys' fees due to its claim for breach of the

Settlement Agreement, adding that IEI is gaining some tactical advantage by amending at this

point, instead of at an earlier date.

Citing *Ithaca Capital Investments I S.A. v. Trump Panama Hotel Management LLC*, 450 F. Supp.

3d 358, 369 (S.D.N.Y. 2020), Magistrate Judge Cott found "there is simply no tactical advantage

to be gained by IEI because it has no greater chance of success, no inconsistent positions were

taken, and ETG has not provided any basis for belief that its potential liability for additional attorneys' fees at this juncture, as opposed to at the outset of the case, is unfair." (R&R p 5-6, internal quotations omitted).  MJ Cott properly exercised his discretion concerning this issue.

Second, ETG contends that MJ Cott's erred by determining that there would be no undue delay in allowing the amendment because discovery had taken place, further claiming that it has not had the opportunity to conduct discovery on related to the amendment.

On January 27, 2021, I ordered supplemental discovery on the condition precedent issue, an issue raised by ETG in summary judgement briefing.  MJ Cott found that any discovery related to the amendment was covered by the discovery regarding the condition precedent issue, ordered back in 2021.  ETG fails to identify any discovery it hasn't conducted on this issue or why they didn't conduct it during the supplemental discovery period.  MJ Cott did not abuse his discretion in determining that discovery has taken place.  "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *See Dewitt Stern Grp., Inc. v. Eisenberg*, 2014 U.S. Dist. LEXIS 129577, at *4 (S.D.N.Y. Sep. 11, 2014) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Third, ETG claims that "the Order completely ignores significant allegations in the Amended Complaint and related documentary evidence that requires the motion to amend to be denied (or, in the alternative, for the granting of a motion to dismiss)." ECF 79 p.7.  This argument, like the earlier two, is without merit.

MJ Cott noted ETG's many disagreements with IEI's legal and factual positions in this case. He

wrote, "Despite correctly stating the legal standard under which the Court will decide the motion

to amend, Def. Mem. at 3, ETG's arguments are, on the whole, better suited for a determination

on the merits, not the cognizability of the claim. Therefore, at this stage, because there is

ambiguity in the aforementioned contract provisions, the Court cannot conclude that the

language of the Settlement Agreement unambiguously bars the proposed breach of contract

claim." (R&R p. 11, internal citations and quotations omitted).  MJ Cott thoroughly analyzed the

issue; the objection fails.


ETG's other arguments are without merit.  In light of the foregoing, the Court **ADOPTS**

Magistrate Judge Cott's R&R.  The parties are **ORDERED** to file a joint status report by

November 22, 2022.



**SO ORDERED.**

**Dated:  New York, New York**
           **November 7, 2022**

                                                    **/s/ Andrew L. Carter, Jr.**
                                                    **ANDREW L. CARTER, JR.**
                                                    **United States District Judge**