**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x

IEI INC.,                                                        :
                                                                 :
                                        *Plaintiff*,             :
                                                                 :          **19-CV-05049 (ALC)**
                        -against-                                :
                                                                 :          **OPINION AND ORDER**
ETG CAPITAL LLC,                                                 :
                                                                 :
                                        *Defendant.*             :
                                                                 :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

   Plaintiff IEI Inc. ("Plaintiff" or "IEI") brings this action against Defendant ETG Capital

LLC ("Defendant" or "ETG"), alleging Defendant breached a Master Claims Purchase

Agreement ("MCPA") and a Settlement Agreement. ECF No. 1. Before the Court is Defendant's

motion for partial summary judgment on IEI's breach of contract claim as to the February 2018

Settlement Agreement, and Plaintiff's renewed motion for summary judgment on both of its

breach of contract claims and Defendant's counterclaims. ECF Nos. 90, 94. For the reasons

stated herein, Defendant's motion for partial summary judgment is **DENIED**. Plaintiff's renewed

motion for summary judgment on its breach of contract claims and Defendant's counterclaims,

ECF No. 94, is **GRANTED**. Because the Court finds Defendant breached the MCPA and the

Settlement Agreement by not purchasing Plaintiff's insolvency claim, Plaintiff is awarded

damages totaling $457,447.06 (CAD).

## BACKGROUND

### I.    Factual Background

   Plaintiff IEI Inc. ("Plaintiff" or "IEI") is located in Quebec, Canada. Defendant ETG

Capital LLC ("Defendant" or "ETG") is organized and existing under the law of the State of

Delaware, and has its principal place of business in New York. Plaintiff and Defendant executed the MCPA and an accompanying "Confirmation" or "Put Letter" (collectively, the "Confirmation" and with the MCPA, the "Agreement"). Pursuant to the MCPA, the parties agreed that in exchange for a fee of $77,625.00, if Sears Canada Inc. ("Sears") filed for insolvency during the covered time period between June 12, 2017 and September 11, 2017, ETG would purchase IEI's insolvency claim for up to $750,00 in unpaid invoices ("the Put"). FAC. Sears Canada subsequently filed for insolvency on June 22, 2017 (the "Sears Insolvency"). *Id.* Between June 12 and June 21, 2017, Plaintiff shipped $595,440.46 (CAD) worth of merchandise to Sears Canada. *Id.* Under Section 8 of the MCPA, IEI was obligated to execute the Assignment of Claim Agreement (MCPA §§5 & 8) to sell, transfer and assign its insolvency claim to ETG. Defendant argued that it was not obligated to purchase IEI's insolvency claim "because, in part, the parties did not execute the Assignment of Claim." ECF No. 77, Exh. 6, at ¶ 2(a). It is undisputed that Plaintiff did not submit the Assignment of Claim to Defendant.

On February 8, 2018, the parties executed the Settlement Agreement, in part to settle the dispute over the execution of the Assignment of Claim. *Id.* In doing so, the parties reaffirmed their rights and obligations under the MCPA and the Confirmation. ETG "agree[d] that IEI has complied with all of its obligations under the MC[P]A Agreement with regard to submitting to ETG the Assignment Notice (as defined in the MC[P]A)." *Id.* at ¶ 3. The parties agreed that following final acceptance of IEI's claim in the Sears Insolvency, ETG would purchase IEI's insolvency claim.

Plaintiff alleges Defendant breached the MCPA and the Settlement Agreement by not purchasing its insolvency claim, and seeks damages totaling $457,447.06 (CAD). FAC. ETG now argues it is IEI that breached the Settlement Agreement by failing to adhere to a condition

precedent. ETG still alleges IEI failed to timely provide it with an executed Assignment of Claim Agreement prior to ETG's purchase of IEI's claim, and as such ETG does not have a duty to purchase IEI's claim. ETG filed three counterclaims requesting 1) declaratory judgment that IEI failed to mitigate its damages and ETG has no duty to pay IEI in excess of amounts that would have been reduced had IEI mitigated, 2) indemnification of ETG by IEI for any damages incurred by ETG; and 3) declaratory judgment that ETG has no duty to pay IEI under both the MCPA and the Settlement Agreement.

## II.   Procedural Background

Plaintiff filed its initial complaint on May 30, 2019. ECF No. 1. Plaintiff then amended its complaint on April 25, 2022. FAC, ECF No. 77. On November 18, 2022, ETG filed its Amended Answer and Counterclaims. ECF No. 86. On January 5, 2023, Defendant moved for partial summary judgment on IEI's breach of contract claim as to the February 2018 Settlement Agreement on the basis that Plaintiff failed to execute the Assignment of Claim Agreement. ECF No. 90. On the same day, Plaintiff renewed their motion for summary judgment on its breach of contract claims regarding the Settlement Agreement and the MCPA, and on all three of Defendant's Counterclaims. ECF No. 94. Defendant filed an opposition to Plaintiff's motion on January 26, 2023. ECF No. 98. Plaintiff filed an opposition to Defendant's motion. ECF No. 101. Defendant filed a reply in support of its motion for partial summary judgement on February 9, 2023. ECF No. 104. Plaintiff filed a reply in support of its renewed motion for summary judgment. ECF No. 106.

The Court now turns to both motions for summary judgment.

## LEGAL STANDARD

### I.      Summary Judgment

Per Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility, nor may they decide between conflicting versions of events because those matters are reserved for the jury. *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553-54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252).

At summary judgment, the moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "[I]n cases where the nonmovant will bear the ultimate burden

of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (citations omitted). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted). "More specifically, it must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id*. (internal citations and quotation marks omitted).

## ANALYSIS

### I.      Breach of Contract

Both parties allege breaches of contract. To establish a breach of contract claim, a plaintiff must plead "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust*, 375 F.3d 168, 177 (2d Cir 2004). "To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound (22 N.Y. Jur. 2d, Contracts § 9)." *Kowalchuk v. Stroup*, 61 A.D.3d 118, 121 [2009]. An offer must include "sufficiently definite" terms. *Express Indus. & Terminal Corp. v. NY State Dep't of Transp.*, 93 N.Y.2d 584, 590 (N.Y. 1999). It is undisputed that the parties entered into the MCPA in 2017, and subsequently, the Settlement Agreement in 2018, that ETG delivered the Assignment of Claim Agreement, that IEI did not deliver an executed Assignment of Claim Agreement, and that ETG did not purchase IEI's claim.

Here, IEI posits that ETG breached the Settlement Agreement by failing to purchase its insolvency claim. To the contrary, ETG argues it had no obligation to purchase IEI's claim because IEI failed to fulfill a condition precedent, the execution of the Assignment of Claim Agreement. Plaintiff contends that the execution of the Settlement Agreement resolved any dispute relating to delivery of the Assignment Notice. The Settlement Agreement's language unambiguously states that the Agreement came to be in part because ETG argued that "it was not obligated to purchase the Invoices because . . . the parties did not execute the Assignment of Claim." ECF No. 77, Exh. 6, at ¶ 2(a). ETG contends it never agreed in the Settlement Agreement that it had received the executed Assignment of Claim Agreement. Yet, in the Settlement Agreement, ETG "agree[d] that IEI has complied with all of its obligations under the MC[P]A Agreement with regard to submitting to ETG the Assignment Notice (as defined in the MC[P]A)." *Id.* at ¶ 3. The plain language of the Settlement Agreement indicates that the dispute over the execution of the Assignment of Claim Agreement was resolved in February 2018. Plaintiff has fulfilled its obligation under the MCPA and the Settlement Agreement, and Defendant has breached the agreements by failing to purchase the insolvency claim. As such, Plaintiff is entitled to summary judgment on both contract claims.

## II.    ETG's Counterclaims Must Be Dismissed.

ETG asserts three counterclaims: 1) declaratory judgment that IEI failed to mitigate its damages and ETG has no duty to pay IEI in excess of amounts that would have been reduced had IEI mitigated; 2) indemnification of ETG by IEI for any damages incurred by ETG; and 3) declaratory judgment that ETG has no duty to pay IEI under both the MCPA and the Settlement Agreement. For the reasons stated below, the counterclaims are **DISMISSED**.

When ruling on a declaratory judgment action, courts in this Circuit have broad discretion. *Dow Jones Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Courts will consider the following factors: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade Inc. v. St. Paul Fire Marine Ins.*, 411 F.3d 384, 389 (2d Cir. 2005). The Court's resolution of IEI's breach of contact claims will resolve and finalize Defendant's declaratory judgment that ETG has no duty to pay IEI under both the MCPA and the Settlement Agreement. As such, that counterclaims is dismissed.

However, the Court's resolution of IEI's breach of contact claims will only partially resolve ETG's request for a declaratory judgment that it "has no duty to pay IEI any money under the terms of the MCPA in excess of the amounts that would have been reduced had IEI complied with its pre-requisite obligations of the MCPA and common law obligations." ECF No. 86 at ¶ 25. ETG argues the execution of the Assignment of Claim Agreement was a condition precedent for ETG to purchase its claim. *Id.* at ¶ 11. The resolution of IEI's breach of contact settles this prong, as the Court finds the Settlement Agreement resolved the dispute over the execution of the Assignment of Claim Agreement.

Next, ETG contends that IEI failed to "comply with its common law requirements to mitigate its damages." ECF No. 86 at ¶ 21. "Accordingly, to the extent that IEI is due any payment under the MCPA, such payment is required to be reduced by the amount IEI failed to mitigate its damages." *Id.* at ¶ 22. The resolution of IEI's breach of contact did not settle this prong.

"New York courts adhere to the universally accepted common law principal that a harmed plaintiff must mitigate damages." *Van Syckle v. C.L. King Assoc.*, 822 F. Supp. 98, 102

(N.D.N.Y. 1993) (citing *Air et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 494 (2d Cir. 1985)). "Once it has been determined that a plaintiff had a duty to mitigate damages, it must be ascertained whether the plaintiff's action taken in response to the defendant's conduct was reasonable." *Id.* Here, Plaintiff has presented proof it stopped delivering to goods to Sears Canada as soon as it learned of the bankruptcy filing. ECF No. 97, Jon L. Swergold Declaration, ECF No. 97-1, Declaration of Karsten Schmid. IEI mitigated damages by contacting its delivery service to return merchandise it was going to deliver to Sears Canada back to IEI. *Id.* Therefore, ETG is not entitled to a declaratory judgment on mitigation. ETG next seeks indemnification from IEI for damages incurred by ETG as a result of IEI's breach of the MCPA. Defendant is only entitled to indemnification if IEI caused damage to ETG. ECF No. 77, Ex. 1, ¶ 11. Defendant argues that but for IEI's actions, ETG would not have incurred the significant expenses to defend itself in this action. As previously stated, pursuant to the settlement agreement, IEI did not breach the MCPA. IEI filed this action due to ETG's breach of the settlement agreement, failing to purchase IEI's insolvency claim. Because IEI performed its obligations under the agreements, ETG's counterclaim for indemnification is without merit and must be dismissed.

**CONCLUSION**

For the reasons stated above, Defendant's motion for partial summary judgment, ECF No. 90, is **DENIED**. Plaintiff's renewed motion for summary judgment on its breach of contract claims and Defendant's counterclaims, ECF No. 94, is **GRANTED**. Because the Court finds Defendant breached the MCPA and the Settlement Agreement by not purchasing Plaintiff's insolvency claim, Plaintiff is awarded damages totaling $457,447.06 (CAD).

**SO ORDERED.**

Dated:     New York, New York
           September 29, 2023

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**