UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IEI INC.,<br><br>                              Plaintiff,<br><br>             -against-<br><br>ETG CAPITAL LLC,<br><br>                              Defendant. | 19-cv-05049-ALC-JLC<br><br>OPINION & ORDER |

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant ETG Capital LLC ("ETG") submitted a motion for reconsideration of the Court's September 29, 2023 Order granting summary judgment to Plaintiff IEI Inc. ("Plaintiff" or "IEI") on its cause of action for breach of the Settlement Agreement (ECF No. 107). For the reasons set forth below, this motion is **GRANTED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Complaint. ECF No. 14. In its September 29, 2023 Order, the Court found that the language of the Settlement Agreement explicitly indicated that IEI had fulfilled all of its obligations for ETG to purchase IEI's Sear's bankruptcy claim. The Court found that the Defendant breached the MCPA and the Settlement Agreement by not purchasing Plaintiff's insolvency claim. Therefore, the Plaintiff was awarded damages totaling $457,447.06 (CAD).

## PROCEDURAL HISTORY

On May 30, 2019, Plaintiff filed the Complaint in the United States District Court for the Southern District of New York. ECF No. 1. A first Amended Complaint was filed on April 25, 2022. ECF No. 77. On January 5, 2023, Defendant moved for partial summary judgment on IEI's breach of contract claim as to the February 2018 Settlement Agreement and argued that IEI

failed to execute the Assignment of Claim Agreement. ECF No. 90. On the same day, Plaintiff renewed their motion for summary judgment on its breach of contract claims regarding the Settlement Agreement and the MCPA, and on all three of Defendant's Counterclaims. ECF No. 94. On September 29, 2023, this Court denied Defendant's motion for partial summary judgment and granted Plaintiff's renewed motion for summary judgement on its breach of contract claims. ECF No. 107.

On October 13, 2023, the Defendant filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 59(e). ECF No. 108. On October 20, 2023, Plaintiff filed an opposition to Defendant's motion for reconsideration. ECF No. 109. On October 27, 2023, Plaintiffs filed a reply regarding their motion for reconsideration. ECF No. 110. The Court considers this motion fully briefed.

## STANDARD OF REVIEW

To succeed on a motion for reconsideration under Rule 59(e), the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted). A Rule 59(e) motion is not intended as a vehicle for a party dissatisfied with the Court's prior ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues that have already been decided. See *Griffin Ind., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Indeed, "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F.Supp.2d 678, 695 (S.D.N.Y.2011) (quotations and citation omitted). Accordingly, "[t]he threshold for prevailing on a motion for

reconsideration is high." *Nakshin v. Holder,* 360 Fed.Appx. 192, 193 (2d Cir.2010); see *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("The standard for granting such a motion is strict.").

Under Local Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the court's decision. See *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 2002 WL 109483, *1 (2d Cir. Jan.25, 2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT & T Corp. v. Comty. Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000) and Local Rule 6.3). Failure to "demonstrate that the Court overlooked controlling law or factual matters that had been previously put before it" is a clear denial of a motion for reconsideration. *Abdullah-Sadiq v. Behringer, No. 17-CV-0270 (TPG), 2017 WL 5508477*, at *1 (S.D.N.Y. Mar. 17, 2017). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99 Civ. 6098(RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). "[C]ourts do not tolerate such efforts to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of New York*, No. 12 Civ. 3859(JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) (citation omitted).

## DISCUSSION

Defendant has shown sufficient material facts or law that would warrant granting the motion for reconsideration of the Court's September 29, 2023 Order. Upon review of the September 29, 2023 Order, this Court did not adequately distinguish between the Assignment

Notice and Assignment of Claim Agreement mentioned in the Settlement Agreement and sections 4 and 8 of the MCPA.

ETG, in its opposition to Plaintiff's renewed motion for summary judgment, stated "There is no dispute that the IEI and ETG executed the Settlement Agreement in February 2018, thereby resolving any dispute relating to the (non)delivery of the Assignment of Claim Agreement. The Settlement Agreement also resolved any dispute that IEI remained "fully bound by all terms of the [MCPA] and [Confirmation]." ECF 98.

"Resolving" the dispute suggests that ETG agreed to excuse non-performance related to the Assignment of Claim Agreement. but it is possible that "resolving" the dispute meant restating the dispute, and simply reinforcing the parties' obligations under the MCPA, without making any agreement regarding whether the Assignment of Claim Agreement obligations were satisfied or excused. It could be that the provision in the Settlement Agreement regarding the Assignment Notice was a typo. There are, of course, other possibilities. One or more of the possibilities may be more likely than others, but a jury should make that determination, not the Court.

There are issues of material fact regarding ETG's alleged breach, specifically whether IEI satisfied the condition precedent concerning the Assignment of Claim Agreement.[1]

---

[1] IEI also claims that ETG waived its affirmative defense of condition precedent by raising it for the first time in the context of summary judgment. If a party raises an affirmative defense "in its **summary judgment** motion papers that was not asserted in the pleadings, courts may nonetheless consider the argument so long as the plaintiff had an opportunity to respond." *Scott v. City of Mount Vernon, No. 14-CV-4441 (KMK),2017 U.S. Dist. LEXIS 47856, 2017 WL 1194490, at \*24 (S.D.N.Y. Mar. 30, 2017)*. Here, Plaintiff responded to Defendant's conditions precedent argument, so any prejudice is minimal. Defendant should file a letter by October 8, indicating whether it would like to file an amended answer to include the affirmative defense related to failure to perform a condition precedent.

## CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration is **GRANTED**. The Clerk of Court is respectfully directed to terminate ECF No. 108. The parties should file a joint status report by October 16, 2024.

**SO ORDERED.**

**Dated: September 30, 2024**
**New York, New York**

                                             **/s/ Andrew Carter**
                                             **ANDREW L. CARTER, JR.**
                                             **United States District Judge**